# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * | * | |
| GLORIA BOESKE, | * | |
| | * | No. 16-1685V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: May 24, 2019 |
| | * | |
| SECRETARY OF HEALTH | * | Attorneys' fees and costs. |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * | * | |

Jeffrey Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner;
Mollie Gorney, United States Dep't of Justice, Washington, DC, for Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Gloria Boeske brought a successful petition for compensation in the National Childhood Vaccine Compensation Program, 42 U.S.C. §§300aa-10 through 34 (2012). She now seeks an award for attorneys' fees and costs. She is awarded $46,565.00.

\* \* \*

---

[1] Because this ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). This means the ruling will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material before posting the ruling.

Represented by Jeffrey Pop, Ms. Boeske filed a petition for compensation on December 22, 2016. In her petition, Ms. Boeske alleged that the Hepatitis A vaccine, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), and which she received on July 23, 2015, caused her to suffer from a right shoulder injury related to vaccine administration (SIRVA).

An onset hearing was held in Grand Rapids, Michigan, during which four witnesses testified. Afterwards, thanks to the efforts of both counsel for petitioner and respondent, the parties were able to resolve the case informally. The parties submitted a joint stipulation that was adopted as the decision on this petition. Decision, issued Apr. 4, 2019, 2019 WL 1992629.

On May 10, 2019, petitioner moved for reimbursement of attorneys' fees and costs, requesting $44,965.00 in attorneys' fees and $5,063.67 in attorneys' costs. Pet'r's Mot. for Attorneys' Fees and Costs at 11. Ms. Boeske filed a signed affidavit confirming that she did not incur any costs related to this litigation. Id., General Order No. 9 Statement of Ms. Boeske.

On May 13, 2019, respondent filed his response to petitioner's motion. In his response, respondent stated that he was "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and deferred to the undersigned's discretion to "determine a reasonable award for attorneys' fees and costs." Resp't's Resp., filed May 13, 2019, at 2-3.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Boeske received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the question at bar is whether Ms. Boeske's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial

2

calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

### A.  Reasonable Hourly Rate

The hourly rates charged by Mr. Pop and the members of his firm, including the rate increase for 2019, are in line with those previously awarded by other special masters.  See, e.g., Spicer v. Sec'y of Health & Human Servs., No. 17-0885V, slip op. at *3 (Fed. Cl. Spec. Mstr. Apr. 5, 2019).  The undersigned has independently reviewed the requested rates and also finds them to be reasonable.

### B.  Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours.  Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  The Secretary also did not directly challenge any of the requested hours as unreasonable.

Mr. Pop's billing statement is characteristically well-done.  The line items allow for a sufficiently detailed review of the work performed and the amount billed and, in large part, the two are concordant.  However, Mr. Pop's use of two attorneys, himself and Ms. Alexandra Pop, for the one-day hearing was a questionable expense.  Although the hearing involved four witnesses, the nature of the testimony was sufficiently straightforward that the undersigned is confident that Mr. Pop could have performed the work himself without the assistance of Ms. Pop.[2]  The undersigned suspects Ms. Pop's presence was, in some part, intended to give Ms. Pop additional trial experience.  This added experience is important for both Ms. Pop and the Program.  However, in evaluating whether an expense reaches the "reasonable" standard, the Federal Circuit has endorsed a special

---

[2] To be sure, Ms. Pop did an able job in the hearing and is demonstrating herself to be a capable young attorney.

3

master's evaluation of whether a hypothetical client would pay for the expenses being submitted for compensation to the Vaccine Program. See Riggins v. Sec'y of Health & Human Servs., 406 F. App'x 479, 484 (Fed. Cir. 2011). See also Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) (citing Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (en banc) (emphasis in the original) ("In the private sector, billing judgment is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority")). In the undersigned's estimation, it would not be reasonable to bill for training by Ms. Pop at her full hourly rate when Mr. Pop is there billing for his time and able to do the work himself. However, because Ms. Pop's presence did provide some value to Ms. Boeske, the undersigned finds it reasonable for Ms. Pop to be compensated at half her standard time for all work that Mr. Pop could have performed himself and when Mr. Pop was also billing for the time as well.

To the attorneys' credit, a review of the timesheets indicates that Mr. and Ms. Pop did little work that was duplicative; instead most of the duplicative time involved the time spent travelling to the hearing and the time actually at the hearing. See Pet'r's Mot. for Attorneys' Fees and Costs, timesheets at 14. Accordingly, reducing the duplicative hours results in a reduction of approximately 8 hours, or $1,800.

With this exception, the undersigned finds the number of hours billed to be reasonable. Ms. Boeske is accordingly awarded $43,165.00 in attorneys' fees.

C. Costs

Petitioner also requests $5,063.67 in costs incurred by her attorney. Many of these costs are associated with routine costs such as the court filing fee, retrieval of medical records, and shipping. These costs are reasonable and are awarded in full.

Approximately $3,500 in costs are associated with Mr. and Ms. Pop's travel to Grand Rapids for the hearing. The expenses associated with Mr. Pop's travel are largely reasonable. However, the undersigned is concerned by the over $1,200 Mr. Pop spent on roundtrip airfare to Grand Rapids from Los Angeles. It appears that this high cost is partly attributable to Mr. Pop's purchase of a "Business Select" fare on Southwest airlines. Pet'r's Mot. for Attorneys' Fees and Costs, Costs at 26. The undersigned understands that Southwest Business Select fares are

4

generally not the most competitive airfares available and this is consistent with the apparent high cost of this ticket.  Based on the high cost of this ticket, Mr. Pop would have been advised to demonstrate that this ticket was, indeed, the most reasonably-priced ticket, but the fees and costs motion does not provide an explanation.  An internet price comparison of tickets from Los Angeles to Grand Rapids indicates that roundtrip airfare generally falls within the range of $400-$700.  Accordingly, petitioner is reimbursed $700 for the roundtrip price of the ticket.  See Taylor v. Sec'y of Health & Human Servs., No. 13-700V, 2018 WL 6291355, at *4 (Fed. Cl. Spec. Mstr. Oct. 30, 2018) (declining to reimburse the cost of a business class ticket and instead reimbursing the estimated cost of a coach-class ticket by independently researching the costs of the airfare).  This results in a reduction of $533.16 for Mr. Pop's airfare.

As for Ms. Pop's travel, just as the undersigned awarded Ms. Pop half her typical fee for the time she spent attending and participating in the hearing, the undersigned finds a reimbursement of half of her costs associated with travel to the hearing to be reasonable under these circumstances.  Accordingly, the undersigned awards reimbursement of $350 for Ms. Pop's airfare and $247.35 for Ms. Pop's hotel.  In total, the undersigned finds $3,400.00 of the requested costs to be reimbursable under the Act.

For the reasons stated above, petitioner is awarded:

**A lump sum of $46,565.00 in the form of a check made payable to petitioner and petitioner's attorney, Jeffrey S. Pop.**

These amounts represent reimbursement attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master